IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA HILDENBRAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-1829-N |
| | § | |
| UNITED STATES DEPARTMENT OF JUSTICE, | § | |
| | § | |
| | § | |
| Defendant. | § | |

# ORDER

This Order addresses Defendant United States Department of Justice's ("DOJ") motion to dismiss and/or for summary judgment [8]. For the reasons that follow, the Court grants DOJ's motion to dismiss in part and denies it in part, and it grants DOJ's motion for summary judgment.

## I. ORIGINS OF THE CASE

Plaintiff Barbara Hildenbrand ("Hildenbrand") submitted two requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the United States Attorney's Office for the Northern District of Texas ("USAO") related to a criminal case in which the United States indicted her for defrauding the United States Department of Housing and Urban Development ("HUD") (the "Criminal Case").[1] In Hildenbrand's first request, dated February 14, 2011, she sought documentation supporting a statement that Assistant United States Attorney Mattie Compton made in the Criminal Case – that Hildenbrand had admitted

---

[1] *See United States v. Hildenbrand, et al.*, No. 3:04-CR-0318-N.

ORDER – PAGE 1

to defrauding HUD (the "Compton Request").[2] *See* Def.'s App.,[3] Compton Request, p. 52. The Executive Office for the United States Attorney ("EOUSA") responded via letter dated May 8, 2011, enclosing the factual resume from Hildenbrand's criminal case as the only document responsive to Hildenbrand's request. *See* Def.'s App., EOUSA Letter Re Compton Request, p. 54. In Hildenbrand's second request, dated March 24, 2011, she sought documents that the Denver Homeownership Center, a HUD agency, had allegedly sent to the USAO (the "HUD Request"). *See* Def.'s App., HUD Request, pp. 43-47, 58-61; Pl.'s App. to Pl.'s Compl., HUD Request, p. 7 [1-8]. The EOUSA informed Hildenbrand via letter dated August 29, 2011 that USAO's search revealed no records responsive to the HUD Request. *See* Def.'s App., EOUSA Letter Re HUD Request, p. 36.

Hildenbrand appealed EOUSA's response to the Compton Request to the Office of Information Policy ("OIP") on May 16, 2011, alleging that the disclosed factual resume was not responsive to her FOIA request. *See* Def.'s App., Appeal Letter, p. 57; Pl.'s App. to Pl.'s Compl., Appeal Letter, p. 8. In her letter of appeal, Hildenbrand also included the substance of the HUD Request. *See* Def.'s App., Appeal Letter, p. 57; Pl.'s App. to Pl.'s Compl., Appeal Letter, p. 8. However, USAO had not responded to the HUD Request on the date of Hildenbrand's appeal; rather, it responded on August 29, 2011, over three months after

---

[2]DOJ avers that Ms. Compton made this statement in the United States' response to Defendants' motions to quash liens in the Criminal Case [154 *in United States v. Hildenbrand, et al.*, No. 3:04-CR-0318-N]. In the response, the United States – via Ms. Compton – referred to and cited to Hildenbrand's guilty plea and factual resume. *See id.* at 2-3.

[3]"Def.'s App." refers to DOJ's appendix in support of its motion for summary judgment [9].

ORDER – PAGE 2

Hildenbrand instituted her appeal. *See* Def.'s App., EOUSA Letter Re HUD Request, p. 36. Nonetheless, OIP considered the substance of both the Compton Request and the HUD Request in Hildenbrand's appeal – apparently without considering USAO's response to the HUD Request – and it remanded her requests to EOUSA for a further search for responsive records on September 13, 2011, after notifying EOUSA of its decision to remand on July 16, 2011. *See* Def.'s Mot. 7; Def.'s App., Admin. Appeal Remand Memo, p. 4; Def.'s App., Admin. Remand Letter, p. 5.[4]

On June 29, 2011, prior to USAO's response to the HUD Request and OIP's decision, Hildenbrand filed suit in this Court against DOJ under FOIA, requesting the Court (1) to "order the production of agency records concerning documentation of evidence used in [a] criminal case . . . in which [Hildenbrand] was convicted and wherein [Hildenbrand] alleges that [DOJ] has improperly withheld records from [her]," Pl.'s Compl. 1 [1], or, in the alternative, (2) to issue a declaratory judgment regarding certain factual matters,[5] *id.* at 1, 4-5.

DOJ now moves to dismiss, or, in the alternative, for summary judgment. DOJ contends that the Court does not have subject matter jurisdiction because Hildenbrand has failed to show that DOJ has improperly withheld agency records under FOIA. It further

---

[4]OIP did not explain its reasons for remanding the requests. OIP noted, however, that Hildenbrand sought various records on appeal that she did not originally request from EOUSA. Def.'s App., Admin. Remand Letter, p. 5. OIP informed Hildenbrand that she "may not on appeal expand the scope of [her] initial request," and, accordingly, advised her to submit another FOIA request to EOUSA for the additional records. *Id.* This request for "additional records" is not before the Court, though Hildenbrand informed the Court of a subsequent request in her supplemental response to DOJ's motion – which she filed without leave from the Court. *See* Pl.'s Suppl. Resp. [12].

[5]*See infra* note 16.

ORDER – PAGE 3

alleges that EOUSA's August 29, 2011 response renders moot the HUD Request and, regardless, that Hildenbrand has failed to exhaust her administrative remedies as to the HUD Request. Alternatively, DOJ argues that the Court should grant it summary judgment on both requests because there is no genuine issue of material fact with regard to the adequacy of DOJ's search – that is, DOJ has conducted reasonable searches under both requests.

## II. THE COURT GRANTS IN PART AND DENIES IN PART DOJ'S MOTION TO DISMISS

### *A. Motion to Dismiss Standard Under 12(b)(1) and FOIA*

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute," *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)), and should "grant[] [the motion] only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief," *id.* (citing *Home Builders*, 143 F.3d at 1010). That is, "courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.

1981)). The plaintiff bears the burden of proof in the Rule 12(b)(1) context. *See Ramming*, 281 F.3d at 161.

Subject matter jurisdiction in an FOIA suit "is based upon the plaintiff's showing that an agency has (1) improperly (2) withheld (3) agency records." *Goldgar v. Office of Admin., Exec. Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994) (citing *Kissinger v. Reporters Comm'n for Freedom of the Press*, 445 U.S. 136, 150 (1980)). Because a plaintiff bears the initial burden of establishing jurisdiction, "[p]laintiffs who do not allege any improper withholding of agency records fail to state a claim for which a court has jurisdiction under the FOIA." *Id.* (citing *Nat'l Fed'n of Fed. Employees v. United States*, 695 F. Supp. 1196, 1204 (D.D.C. 1988)). "If the agency establishes that all responsive records have been released to the requester, the suit should be dismissed on mootness grounds as there is no justiciable case or controversy." *Amaya-Flores v. Dep't of Homeland Sec.*, 2006 WL 3098777, at *2 (W.D. Tex. 2006) (citing *Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993)).[6] "It is the agency's burden to prove the non-existence of the records sought." *Goldgar*, 26 F.3d at 34.

### B. The Court Has Subject Matter Jurisdiction Over the Compton Request

DOJ challenges the Court's subject matter jurisdiction over Hildenbrand's Compton Request on mootness grounds because "no records have been improperly withheld by [DOJ]"

---

[6]"An argument that a claim is moot challenges a court's subject matter jurisdiction because it implicates Article III's requirement that a claim be live throughout the pendency of the litigation." *Calle v. FBI*, 2011 WL 3820577, at *3 n.1 (N.D. Tex. 2011) (Ramirez, Mag. J.) (citations omitted), *accepted*, 2011 WL 3837031, at *1 (N.D. Tex. 2011) (Lynn, J.).

– that is, the DOJ has released "all responsive records (the factual resume)." Def.'s Mot. 10. However, as this Court explained in *Calle v. FBI*:

> Generally, the proper procedural vehicle for bringing an argument based on mootness is a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See AmWest Sav. Ass'n v. Farmers Mkt. of Odessa, Inc.*, 753 F.Supp. 1339, 1347 (W.D. Tex.1990). Where, however, "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under either Rule 12(b)(6) or Rule 56. *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir.1981); *see also Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1347 (5th Cir.1985).

2011 WL 3820577, at *3 n.1.

Here, as in *Calle*, DOJ's "jurisdictional attack [on the Compton Request] is inextricably intertwined with the merits of [Hildenbrand's] FOIA action, because in order to decide both mootness and the merits of [Hildenbrand's] FOIA action, the Court must decide whether [DOJ] improperly withheld agency records under [FOIA section] 552(a)(4)(B)." *Calle*, 2011 WL 3820577, at *3 n.1 (citing *Marcussen v. Leavitt*, 2005 WL 3664802, at * 11 (D.N.M. Dec.19, 2005), which converted motion to dismiss on grounds of mootness into motion for summary judgment because ruling on subject matter jurisdiction under FOIA required same factual determination as adjudication on merits). Accordingly, the Court assumes that it has subject matter jurisdiction over the Compton Request, and it considers DOJ's argument that it has sufficiently responded under FOIA under a summary judgment standard, below.[7]

---

[7]DOJ contends that "judicial review of [Hildenbrand's] appeal of [the Compton Request] . . . would undercut the purposes of [administrative exhaustion because USAO has not yet responded to the [a]ppeal, and any consideration [by the Court] thereof would result

### *C. The Court Lacks Subject Matter Jurisdiction Over the HUD Request*

In addition to arguing that DOJ has not improperly withheld records pursuant to Hildenbrand's HUD Request, DOJ argues that, because it had not responded to the HUD Request at the time Hildenbrand administratively appealed the Compton Request to OIP, Hildenbrand has failed to exhaust her administrative remedies as to that claim, and the Court must therefore dismiss Hildenbrand's claim regarding the HUD Request. Def.'s Mot. 11-13. In the alternative, DOJ posits that, if Hildenbrand's suit is one to enforce the time restrictions under FOIA section 552(a)(6)(C), DOJ's August response renders the part of Hildenbrand's suit regarding the HUD Request moot. *Id.*

FOIA "requires exhaustion of administrative remedies prior to seeking judicial review." *Voinche*, 999 F.2d at 963. A plaintiff may establish exhaustion by either actually or constructively exhausting his or her administrative remedies. A plaintiff actually exhausts his or her administrative remedies "when he files a proper request with the appropriate agency and appeals any adverse determinations administratively." *Pearson v. U.S. Dep't of Homeland Sec.*, 2009 WL 4016414, at *7 (Boyle, J.) (citing inter alia *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990) and adopting findings, conclusions, and

---

in the court prematurely interfering with agency processes." Def.'s Mot. 15 (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003)). The Court explains administrative exhaustion in Part III.C, below, and notes the purposes of exhaustion in note 8, below, concluding that, with regard to the HUD Request, the purposes of exhaustion support dismissing Hildenbrand's suit as it relates to the HUD Request on mootness grounds. However, Hildenbrand's exhaustion – or lack thereof – of the Compton Request is more ambiguous, as Hildenbrand successfully appealed the Compton Request to OIP before she brought the present FOIA suit, even though OIP had not ruled on her appeal at the time she filed suit. Accordingly, the Court considers the Compton Request under a summary judgment standard in Part III, below.

recommendations of Ramirez, Mag. J.). A plaintiff constructively exhausts his or her remedies if the agency does not respond to the FOIA request within twenty days, *id.* (citations omitted); *see also, e.g.*, *Voinche*, 999 F.2d at 963 (citing 5 U.S.C. § 552 (a)(6)(C)); *Oglesby*, 920 F.2d at 61, by "notify[ing] the person making [the FOIA] request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination," 5 U.S.C. § 552(a)(6)(A)(i). However, a suit where the plaintiff constructively exhausts his or her remedies, or a suit challenging the "tardiness" of the agency's response "is rendered moot by [the agency's] response to [the plaintiff's] request." *Voinche*, 999 F.2d at 963; *see Amaya-Flores*, 2006 WL 309877, at *3.

The Western District of Texas has reasoned that where, as here, "at the time the complaint was filed [the defendant] had not produced any records, it is impossible that [the plaintiff] could have been complaining about the failure to produce particular records." *Amaya-Flores*, 2006 WL 3098777, at *3. Rather, such a complaint reveals "that [the plaintiff's] allegations [can] relate only to a delay in obtaining a[n] FOIA response [under section 552(a)(6)(C)] and not the improper withholding of documents," *id.*, and that, therefore, the plaintiff brings suit based on a constructive exhaustion theory. Under this reasoning, Hildenbrand's allegations with regard to the HUD Request could similarly relate only to DOJ's untimeliness. And because an agency's response renders a suit based on constructive exhaustion under section 552(a)(6)(C) moot, *Voinche*, 999 F.2d at 963, DOJ's August 29, 2011 response to Hildenbrand's HUD Request renders her suit moot as to the HUD Request, leaving the Court without subject matter jurisdiction. *See Voinche*, 999 F.2d at 963; *Amaya-Flores*, 2006 WL 3098777, at *3.

Hildenbrand's claims regarding the HUD Request are moot under an actual exhaustion theory as well. In *Harris v. Freedom of Information Unit Drug Enforcement Agency*, this Court explained that,

> in an action based on § 552(a)(6)(C), the issue is not whether the request[e]r should have ultimate access to the records he sought. *Voinche*, 999 F.2d at 963. *See Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 607 (D.C. Cir. 1976). Rather, the issue is under what time constraints a court should compel administrative agencies to act at the behest of a requester. *Id.* at 607-08. Although [a p]laintiff exhausted his administrative remedies pursuant to § 552(a)(6)(C) in order to challenge the tardiness of [the d]efendant's response, he has not exhausted his administrative remedies for purposes of challenging the adequacy of [the d]efendant's response [under 5 U.S.C. § 552(a)(4)(B)].

2006 WL 3342598, at *5 (N.D. Tex. 2006) (Buchmeyer, J.) (adopting findings, conclusions, and recommendations of Stickney, Mag. J.). FOIA section 552(a)(4)(B) provides: "On complaint, the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Under the Court's reasoning in *Harris* – and according to common sense – where a plaintiff challenges the adequacy of an agency's response pursuant to an FOIA request, the agency must have first responded and the plaintiff must have then actually exhausted his or her administrative remedies. *See Harris*, 2006 WL 3342598, at *5; *see also Pearson*, 2009 WL 4016414, at *5 (discussing exhaustion in summary judgment context). Here, Hildenbrand "alleges that [DOJ] has improperly withheld records from [her]," Pl.'s Compl. 1, presumably under section 5 U.S.C. § 552(a)(4)(B). Thus, Hildenbrand's suit to enforce her HUD Request is also moot for failure to actually exhaust her administrative remedies. Because Hildenbrand's claims regarding the HUD

ORDER – PAGE 9

Request are moot under both a constructive exhaustion theory and an actual exhaustion theory, the Court dismisses Hildenbrand's suit as it pertains to the HUD Request for lack of jurisdiction.[8]

### III. THE COURT GRANTS DOJ'S MOTION FOR SUMMARY JUDGMENT ON THE COMPTON REQUEST

#### *A. FOIA Summary Judgment Standard*

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact[,] and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the

---

[8]The facts of this case with regard to the HUD Request appear to complicate matters with regard to actual exhaustion. Hildenbrand attempted to appeal the HUD Request to OIP with the Compton Request, and OIP ruled on the merits of the HUD Request on appeal. *See* Def.'s App., Admin. Appeal Remand Memo, p. 4; Def.'s App., Admin. Remand Letter, p. 5. However, the District of Columbia Circuit has explained that where a plaintiff pursues his appeal before the agency has ruled on his FOIA request, "the appeal could not and did not place the substance of the [agency's] response before OIP." *Hidalgo*, 344 F.3d at 1259. Thus, "the OIP had no opportunity to consider the very issues that [the plaintiff] has raised in this court." *Id.* In that case, the plaintiff's appeal did not further the purposes of exhaustion, which include "preventing premature interference with agency processes," "affording the parties and the courts the benefit of the agency's experience and expertise," or "compiling a record which is adequate for judicial review," and the District of Columbia Circuit concluded that the plaintiff's appeal did not promote the purposes of the exhaustion doctrine. *Id.* (internal quotation and brackets omitted).

Similarly, because the DOJ hadn't responded to the HUD Request when Hildenbrand appealed, OPI could not review whether DOJ had impermissibly withheld documents relevant to the HUD Request, and Hildenbrand's appeal of the HUD Request did not serve the purposes of exhaustion. This supports the Court's conclusion that Hildenbrand failed to actually exhaust her administrative remedies prior to bringing suit.

However, the Court notes that, even were the Court to find that it has subject matter jurisdiction over the HUD Request, it would grant DOJ summary judgment on the basis that DOJ conducted an adequate search for the reasons the Court explains in Part III.B, below.

light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Courts, however, need not sift through the record in search of triable issues. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

"Summary judgment is available to the defendant in an FOIA case when the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1382 (8th Cir. 1985) (citing *Weisberg v. DOJ*, 705 F.2d 1344, 1350 (D.C. Cir. 1983)); *see also e.g.*, *Harris*, 2006 WL 3342598, at *5. "In order to prevail on a motion for summary judgment in an FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exception to the FOIA." *Carney v. DOJ*, 19 F.3d 807 (2d Cir. 1994) (citations omitted); *see also, e.g.*, *Miller*, 705 F.2d at 1382-83 ("In order to discharge this burden, the agency 'must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the [FOIA's] inspection requirements.'" (quoting *Nat'l Cable Television Ass'n, Inc., v. Fed. Commc'ns Comm'n*, 479 F.2d 183, 186 (D.C. Cir. 1973))).

### B. DOJ Conducted an Adequate Search Pursuant to the Compton Request

ORDER – PAGE 11

Hildenbrand contends that DOJ's response to the Compton Request – disclosing only the factual resume from Hildenbrand's criminal case – was nonresponsive, insinuating that DOJ did not perform an adequate search for responsive documents. *See* Pl.'s Compl. 2-3.[9] To be entitled to summary judgment, "[a]n agency may demonstrate that it has conducted an adequate search by showing that it used 'methods which can be reasonably expected to produce the information requested.'" *Batton v. Evers*, 598 F.3d 169, 176 (5th Cir. 2010) (citing *Oglesby*, 920 F.2d at 68); *e.g., Miller*, 779 F.2d at 1383 ("The adequacy of an agency's search for requested documents is judged by a standard of reasonableness, i.e., 'the agency must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents.'" (quoting *Weisberg* 705 F.2d at 1351)). "[T]he search need only be reasonable;" it need not be "exhaustive." *Miller*, 779 F.2d at 1383. That is, "[t]here is no requirement that an agency search every record system." *Oglesby*, 920 F.2d at 68 (citing cases).

"Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search . . . are sufficient to sustain the agency's burden," *Carney*, 19 F.3d at 812 (citing cases), so long as the affidavits "are relatively detailed, nonconclusory, and submitted in good faith," *Miller*, 779 F.2d at 1383 (citing *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)). "In analyzing the affidavits and declarations submitted by the government, the

---

[9]Hildenbrand's response and supplemental response do not clarify Hildenbrand's claims with regard to either the HUD Request or the Compton Request, including the adequacy – or lack thereof – of DOJ's searches. *See* Pl.'s Resp. [10]; Pl.'s Supp. Resp. Rather, in her responses, Hildenbrand attempts to attack the merits of the Criminal Case and the government's pursuit of restitution in that case. These issues are not before the Court in the present FOIA case.

agency is entitled to a 'presumption of legitimacy' unless there is evidence of bad faith in handling the FOIA request." *Batton*, 598 F.3d at 176 (quoting *U.S. Dep't of State v. Ray*, 502 U.S. 164, 179 (1991)); *see also, e.g.*, *Driggers v. United States*, 2011 WL 5525337, at *3 (N.D. Tex. 2011) (Ramirez, Mag. J.), *accepted*, 2011 WL 5529801, at *1 (N.D. Tex. 2011) (Godbey, J.) (explaining that "[t]he agency may meet its burden based on affidavits or declarations that are entitled to a 'presumption of legitimacy'" but that "[a]n affidavit or declaration does not suffice if it merely recites statutory standards, or if it makes conclusory, vague, or sweeping assertions" and citing inter alia *Cooper Cameron Corp. v. U.S. Dep't of Labor, OSHA*, 280 F.3d 539, 543 (5th Cir. 2002)).

In support of DOJ's assertion that it has produced all documents responsive to the Compton request after an adequate search, DOJ provides the affidavit of Ofelia C. Perez, a paralegal specialist at USAO whose responsibilities include "serving as [FOIA] district contact for the USAO[]" and "liaison to the [FOIA staff] for the [EOUSA]." Def.'s App., Decl. of Ofelia C. Perez: Compton Request, p. 68 [hereinafter Perez Decl.: Compton].[10] Ms. Perez testifies that she is familiar with the Compton Request and the substance of the request and that USAO conducted a search for "any records in its possession which would be within the scope of Hildenbrand's [Compton Request]" at the behest of EOUSA. *Id.* at 69. This search included a query of the Legal Information Office Network System ("LIONS")[11] "to

---

[10]Ms. Perez testifies that her "duties include receiving and reviewing" FOIA requests and that she is "responsible for the searches conducted for FOIA[] purposes for records maintained by, or located in, the [USAO]." Perez Decl.: Compton 68.

[11]LIONS is the electronic case-tracking system that the USAO uses to track civil, criminal, and appellate investigations and cases and to locate the files pertaining to these

ORDER – PAGE 13

identify and determine the likely location of any USAO[] files pertaining to Hildenbrand, including the case file pertaining to" the Criminal Case. *Id.* at 69-70. Ms. Perez further states that "[a] LIONS query was the most likely means of determining the location of any USAO[] files which might contain records responsive to Hildenbrand's [Compton] request."[12] *Id.* During the search, Ms. Perez also sent an interoffice email advising USAO personnel that Hildenbrand had made an FOIA request (the Compton Request) and requesting anyone with documents or files pertaining to Hildenbrand to contact Ms. Perez. *Id.* After these searches, Ms. Perez produced the factual resume as the only responsive document to the Compton Request.[13] *Id.* at 71. Ms. Perez testifies that "[t]he USAO[] conducted a search utilizing methods which should identify any records responsive to Hildenbrand's request," and, "[t]o her knowledge, there is no location in the USAO[] where responsive records are likely to be located other than those locations which have been

---

cases. Perez Decl.: Compton 69-70. USAO can retrieve information from LIONS by "parties' names, USAO[] file jacket numbers, and Court docket numbers," among other categories. *Id.*

[12]A LIONS query for Hildenbrand's name returned the following information: Hildenbrand was one of two defendants in the Criminal Case, referenced in the Compton Request; Hildenbrand had filed two currently-closed appeals; and she was involved in other various open or closed cases, including several asset forfeiture cases and another civil case. Perez Decl.: Compton 70.

[13]After Ms. Perez sent her email, Assistant United States Attorney Mattie Compton contacted Ms. Perez via email, indicating "that the responsive record to Hildenbrand's request was the Factual Resume." Perez Decl.: Compton 71.

ORDER – PAGE 14

searched[,] nor [is she] aware of any other method or means by which a further search could be conducted which would be likely to locate any additional responsive records." *Id.*[14]

The Court finds that Ms. Perez' affidavit establishes that DOJ's search for records pursuant to the Compton Request was adequate. Hildenbrand neither provides evidence to the contrary nor evidence of DOJ's bad faith. Accordingly, the Court grants DOJ summary judgment with regard to Hildenbrand's suit as it relates to the Compton Request.[15]

## CONCLUSION

The Court grants DOJ's motion to dismiss Hildenbrand's FOIA claim with regard to the HUD Request, and it grants DOJ summary judgment on Hildenbrand's FOIA claim with regard to the Compton Request.[16]

---

[14]DOJ also supplies an affidavit from John F. Boseker, an EOUSA attorney advisor assigned "to the component of EOUSA designated to administer the FOIA," who is "personally familiar with [Hildenbrand's] two FOIA[] requests." Def.'s App., Decl. of John F. Boseker, p. 48 [hereinafter Boseker Decl.]. Mr. Boseker testifies regarding the dates and administrative procedure of Hildenbrand's FOIA requests.

[15]DOJ also provided an affidavit from Ms. Perez regarding the HUD Request, which is substantially similar in content to Ms. Perez's affidavit regarding the Compton Request. *See* Def.'s App., Decl. of Ofelia C. Perez: HUD Request, pp. 63-67. As the Court mentioned in note 8, above, if it had jurisdiction over the HUD Request, it would grant summary judgment for DOJ on the ground that DOJ performed an adequate search pursuant to the HUD Request.

[16]In her complaint, Hildenbrand requests the Court grant her declaratory relief. Pl.'s Compl. 4-5. Federal courts have broad discretion to grant or refuse a request for declaratory judgment. *E.g., Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). The Declaratory Judgment Act is a procedural device; it creates no substantive rights and requires the existence of a justiciable controversy. *Lowe v. Ingalls Shipbldg.*, 723 F.2d 1173, 1179 (5th Cir. 1984); *see Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937).

In her request for declaratory judgment, Hildenbrand asks the Court to resolve several issues relating to the facts that she presumably hoped her FOIA requests would uncover – for example, she asks the Court to declare that "[t]here were no Federal funds or any type of

Signed August 21, 2012.

_____
David C. Godbey
United States District Judge

---

financial Federal assistance ever given to Community Housing Fund," that "Plaintiff was not charged with, nor convicted of, being the alter-ego of [Community Housing Fund]," and that "[t]here was never any embezzlement, theft or fraud against [Community Housing Fund] by Plaintiff or her husband." *Id.* at 4. Her request for declaratory judgment has nothing to do with this FOIA suit. Rather, Hildenbrand essentially attempts to appeal and attack the merits of the Criminal Case, as she has in other cases before this Court. *See United States v. Hildenbrand, et al.*, No. 3:04-CR-0318-N; *United States v. Stone*, No. 3:11-CV-02395-N. Hildenbrand does not present a justiciable controversy for which the Court may grant declaratory relief in this FOIA proceeding. Accordingly, the Court declines to grant Hildenbrand's request for a declaratory judgment.

ORDER – PAGE 16